## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

STEVEN E. HILL                                                                          PETITIONER
REG # 17672-035

v.                                            2:17CV00003-JLH-JJV

C. V. RIVERA, Warden                                                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence

desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     BACKGROUND

On January 9, 2017, Mr. Hill filed a *pro se* Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241.  Mr. Hill says, "This case involves a Military Court Martial.  The petitioner request[s] this court not only to hear this appeal but grant him the requested verdict.  That the Court Martial had no jurisdiction to try Steven Hill in the [aforementioned] tribunal." (*Id.* at 1.) Respondent has filed a Response, so this matter is ripe for a decision.  After carefully considering the Petition, Response, and accompanying documents, I recommend Mr. Hill's Petition for Writ of Habeas Corpus be dismissed.

### II.    ANALYSIS

On October 24 and 25, 2012, Sergeant Steven E. Hill was tried by General Court Martial at Fort Stewart, Georgia.  (Doc. No. 8-1.)   He was found guilty of one charge of rape, one charge of sexual harassment of a subordinate soldier and two charges of wrongful sexual contact, for which he was sentenced "To be reduced to the grade of Private (E-1); to forfeiture of all pay and allowances; to be confined for 20 years; [and] to be discharged with a Dishonorable Discharge." (*Id.* at 1-2.)  The Convening Authority, Commanding General John M. Murray, ordered the sentence to be executed "except for that part of the sentence extending to a Dishonorable Discharge." (*Id.* at 3.) The United States Army Court of Criminal Appeals, in a *Per Curiam* opinion stated, "On

consideration of the entire record, including consideration of the issues personally specified by the appellant, we hold the findings of guilty and the sentence is approved by the convening authority correct in law and fact.  Accordingly, those findings of guilty and the sentence are AFFIRMED." (Doc. No. 8-2.)  The United States Court of Appeals For The Armed Forces denied his petition for review on November 2, 2015, and denied his petition for reconsideration on February 17, 2016. (Doc. No. 8-3.)

Mr. Hill is a prisoner at the Federal Correctional Institution Forrest City because the Uniform Code of Military Justice allows for the transfer of military prisoners to the custody of the U.S. Bureau of Prisons. 10 U.S.C. § 858(a).  And 28 U.S.C. § 2241 is a proper means for a person convicted by court-martial to seek habeas relief after exhausting his direct military appeals and such post-conviction remedies as he may have under the Uniform Code of Military Justice. *Clinton v. Goldsmith*, 526 U.S. 529 (1999).  But "Military law, like state law, is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment."  *Burns v. Wilson*, 346 U.S. 137, 140 (1953).  The United States Supreme Court explained:

> This Court has played no role in its development; we exerted no supervisory power over the courts which enforce it; the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment. The Framers expressly entrusted that task to Congress.

*Id.*  Therefore, "It is the limited function of [this Court] to determine whether the military have given fair consideration to each of [Mr. Hill's] claims."  *Id.* at 145.

In this case, Mr. Hill states the military had no jurisdiction to prosecute him for the charges for which he is imprisoned.  Beyond this allegation, Mr. Hill provides no factual basis to support his contention.

Based on the documents submitted by Respondent, there is no reason to doubt that the

military had jurisdiction to try Mr. Hill. Mr. Hill was a Sergeant on active duty serving in the 3rd Infantry Division at Fort Stewart, Georgia. (Doc. No. 8-1 at 1.) The Court Martial was convened by the Commanding General (*Id.* at 3), a military judge presided over the matter, and Mr. Hill was represented by military defense counsel (*Id. at* 5). Mr. Hill was also represented by military counsel when he sought review by the United States Army Court of Criminal Appeals. (Doc. No. 8-2.) Accordingly, I find Mr. Hill's claims to be wholly without merit and his Petition should be dismissed with prejudice.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    Petitioner's Petition (Doc. No. 1) be DISMISSED with prejudice.

DATED this 18th day of April, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE