# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

STEVEN E. HILL  PETITIONER
REG # 17672-035

v.  2:17cv00003-JLH-JJV

C. V. RIVERA, Warden  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     BACKGROUND

On October 24 and 25, 2012, Sergeant Steven E. Hill was tried by General Court Martial at Fort Stewart, Georgia. (Doc. No. 8-1.) He was found guilty of one charge of rape, one charge of sexual harassment of a subordinate soldier and two charges of wrongful sexual contact, for which he was sentenced "To be reduced to the grade of Private (E-1); to forfeiture of all pay and allowances; to be confined for 20 years; [and] to be discharged with a Dishonorable Discharge." (*Id.* at 1-2.) The Convening Authority, Commanding General John M. Murray, ordered the sentence to be executed "except for that part of the sentence extending to a Dishonorable Discharge." (*Id.* at 3.)

The United States Army Court of Criminal Appeals, in a *per curiam* opinion stated, "On consideration of the entire record, including consideration of the issues personally specified by the appellant, we hold the findings of guilty and the sentence is approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED." (Doc. No. 8-2.) The United States Court of Appeals for the Armed Forces denied his petition for review on November 2, 2015 and denied his petition for reconsideration on February 17, 2016. (Doc. No. 8-3.)

On January 9, 2017, Mr. Hill filed a *pro se* Petition for Writ of Habeas Corpus (Doc. No.

1) pursuant to 28 U.S.C. § 2241.  This Court previously dismissed the Petition (Doc. Nos. 9 & 13) and Petitioner appealed (Doc. No. 17).  The United States Court of Appeals for the Eighth Circuit affirmed the denial of Mr. Hill's sufficiency of the evidence and jurisdictional claims, but, "To the extent Hill asserted an argument based on the applicable statute of limitations, the judgment [was] vacated and the matter [was] remanded for the parties and the district court to reconsider this case in light of *United States v. Mangahas*, 77 M.J. 220 (C.A.A.F. 2018)."  *Hill v. Rivera*, 724 Fed. App'x 511, at 512 (8th Cir. 2018) (per curiam).

Mr. Hill's convictions for wrongful sexual contact were based on events from January 2011, and his conviction for sexual harassment was based on events from September 1 and December 31, 2010.  (Doc. No. 8-1 at 2.)  The rape conviction was from June 1, 1998 and July 31, 1998.  (*Id.*)  Mr. Hill's Court Martial convened on October 24, 2012, so *Mangahas* only applies to his rape conviction.

The Court asked Respondent to state whether Mr. Hill was entitled to relief (Doc. No. 24), and Respondent says the ruling in *United States v. Mangahas* does not apply retroactively to Mr. Hill's case.  (Doc. No. 31.)  Mr. Hill was offered the opportunity to reply but did not.  After careful consideration of the pleadings in this matter, for the following reasons, I find *Mangahas* does not provide Mr. Hill any relief and his Petition should be dismissed.

**II.    ANALYSIS**

As a practical matter, it is understandable why Mr. Hill believes he is entitled to relief based on this new holding in *United States v. Mangahas*.  However, I agree with Respondent that this would violate the longstanding non-retroactivity principle in *Teague v. Lane,* 489 U.S. 288 (1989).

A prisoner, through a collateral proceeding, may *only* obtain the benefit of a new rule, or the creation of a new rule in his or her case, if that rule falls within one of the two exceptions to the general principle that new rules will not be applied on collateral review.  *Id.*  Mr. Hill's new

3

rule does not lie within one of the two *Teague* exceptions.

The first *Teague* exception permits the retroactive application of a new rule if it is substantive. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. In contrast, rules that regulate only the manner of determining the [Petitioner's] culpability are procedural." *Schriro v. Summerlin,* 542 U.S. 348, 353 (2004). Here, the change in the limitations period does not decriminalize any types of conduct and so it is not substantive. It does not alter the range of conduct or class of persons in any way. Therefore, does not fit within the first *Teague* exception.[1]

The second *Teague* exception is that the rule must be a watershed rule. To qualify as a watershed rule, it must meet two requirements: First, the rule must be necessary to prevent an impermissibly large risk of an inaccurate conviction. Second, the rule must alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding. *Whorton v. Bockting,* 549 U.S. 406, 418 (2007) (internal quotations and citations omitted).

To date, the United States Supreme Court has only identified one case as qualifying under the watershed exception - *Gideon v. Wainwright,* 372 U.S. 335 (1963).[2] *Mangahas* does not create a watershed rule because it meets neither of the two requirements: It is neither necessary to prevent an impermissibly large risk of inaccurate convictions nor does it alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding, as was the case in *Gideon*.

After careful review of his Petition, the record and the briefs, I find Mr. Hill's Petition for

---

[1] I agree with Respondent that *Mangahas* "does nothing to diminish the incontrovertible fact that Petitioner was the person who committed the rape, and the rape for which he was convicted still constitutes a criminal offense." (Doc. No. 31 at 8.)

[2] Establishing that counsel must be appointed for any indigent defendant charged with a felony.

Writ of Habeas Corpus should be dismissed. This new rule does not fit within either of the *Teague* non-retroactivity exceptions, so Mr. Hill cannot succeed in establishing it in this collateral proceeding.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Mr. Hill's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

DATED this 4th day of October, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE