IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

STEVEN E. HILL                                                                                     PETITIONER
REG #17672-035

v.                                          No. 2:17CV00003-JLH

C.V. RIVERA, Warden                                                                              RESPONDENT

**OPINION AND ORDER**

The Eighth Circuit has directed this Court to reconsider the part of Steven E. Hill's habeas petition addressing the statute of limitations, to the extent he raised that issue, in light of *United States v. Mangahas*, 77 M.J. 220 (C.A.A.F. 2018). United States Magistrate Judge Joe J. Volpe has recommended that Hill's habeas petition be dismissed. Upon *de novo* review, that recommendation is adopted with the following additional comments.

In *Mangahas*, the Court of Appeals for the Armed Forces held that the crime of rape, under military law, was not "punishable by death" at the time of the offense, and so the five-year statute of limitations applied to it. *Mangahas* overturned a prior C.A.A.F. case holding rape was "punishable by death" and therefore exempt from the five-year statute of limitations, *Willenbring v. Neurauter*, 48 M.J. 152 (C.A.A.F. 1998). Decades before, the Supreme Court had held the death penalty unconstitutional for rape. *Coker v. Georgia*, 433 U.S. 584, 598, 97 S. Ct. 2861, 2869, 53 L. Ed. 2d 982 (1977). Thus, the *Mangahas* decision overturning *Willenbring* was based on *Coker*. *Mangahas* therefore changed the landscape within the C.A.A.F. regarding the statute of limitations for rape under military law.

As Judge Volpe noted, the issue arises because Hill was convicted in 2012 of rape that occurred in 1998. The record before us does not show whether Hill asserted a statute-of-limitations defense in the underlying criminal proceeding, but since the Eighth Circuit has directed us to

consider the issue, we will assume that he did so and that his statute-of-limitations defense was overruled based on *Willenbring*. The question is whether Hill can obtain habeas relief based on *Mangahas*.

If the rule announced in *Mangahas* is new and retroactive, then the fact that it is new does not preclude Hill from asserting the statute-of-limitations argument in his habeas petition. If the *Mangahas* rule is new and not retroactive, then his petition must be dismissed, as it is the only remaining issue. If the rule in *Mangahas* is not new, then Hill is not precluded from raising the statute of limitations issue on that basis.

*New Rules*

In general, new rules do not apply retroactively in cases on collateral review. *Butler v. McKellar*, 494 U.S. 407, 412, 110 S. Ct. 1212, 1216, 108 L. Ed. 2d 347 (1990); *Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075, 103 L. Ed. 2d 334 (1989). "The 'new rule' principle . . . validates reasonable, good-faith interpretations of existing precedents made by state courts even though they are shown to be contrary to later decisions." *Butler*, 494 U.S. at 414, 110 S. Ct. at 1217.

When is a rule "new" for purposes of cases on collateral review? A court must ascertain the "legal landscape as it existed" at the time the conviction became final and ask whether the Constitution, as interpreted by the precedent then existing, compels the later-announced rule. *See Beard v. Banks*, 542 U.S. 406, 411, 124 S. Ct. 2504, 2510, 159 L. Ed. 2d 494 (2004). "That is, the court must decide whether the rule is actually 'new.'" *Id.* "[A] decision announces a new rule 'if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.'" *Butler*, 494 U.S. at 412, 110 S. Ct. at 1216 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 314, 109 S. Ct. 2934, 2944, 106 L. Ed. 2d 256 (1989)). "A new decision that explicitly overrules an earlier holding obviously 'breaks new ground' or 'imposes a new obligation'" and is thus new. *Id.*;

*see also Saffle v. Parks*, 494 U.S. 484, 488, 110 S. Ct. 1257, 1260, 108 L. Ed. 2d 415 (1990) ("The explicit overruling of an earlier holding no doubt creates a new rule."). The question is more difficult, though, when a "new decision is reached by an extension of the reasoning of previous cases." *Butler*, 494 U.S. at 412-13, 110 S. Ct. at 1216. A court's observation that its decision "is 'controlled' by a prior decision" does not mean the rule is not new, as "[c]ourts frequently view their decisions as being 'controlled' or 'governed' by prior opinions even when aware of reasonable contrary conclusions reached by other courts." *Id*. at 415, 110 S. Ct. at 1217. If the outcome of a new decision "was susceptible to debate among reasonable minds," which might be evinced by different results in various courts that had considered the question previously, then it is almost certainly a "new" rule for purposes of the *Teague* analysis. *Id. See also Beard*, 542 U.S. at 413, 124 S. Ct. at 2511 (explaining that a rule is not new if the unlawfulness of the conviction was "apparent to all reasonable jurists" by then-existing precedent).

*New Rules that Apply Retroactively*

Even if a rule is new, there are two exceptions to nonretroactivity on collateral review: substantive rules and a very small set of procedural rules.

First, new substantive rules generally apply retroactively on collateral review. *Schriro v. Summerlin*, 542 U.S. 348, 351 n.4, 124 S. Ct. 2519, 2522 n.4, 159 L. Ed. 2d 442 (2004). Substantive rules include those that "place[] a class of private conduct beyond the power of the State to proscribe." *Saffle*, 494 U.S. at 494, 108 S. Ct. at 1263. Substantive rules also include those that "prohibit[] a certain category of punishment for a class of defendants because of their status or offense." *Id*. Thus, in sum, a rule that "alters the range of conduct or the class of persons that the law punishes" is substantive, applies retroactively and may be raised in a habeas petition. *See Schriro*, 542 U.S. at 353, 124 S. Ct. at 2523.

3

In contrast to substantive rules, new procedural rules generally do not apply retroactively on collateral review. *Id*. at 352, 124 S. Ct. at 2523. Rules that regulate the "*manner of determining* the defendant's culpability are procedural." *Id.* at 353, 124 S. Ct. at 2523.

The second set of new rules that do, nevertheless, apply retroactively is a minute set of procedural rules: "watershed rules of criminal procedure," which implicate the fundamental fairness and accuracy of the criminal proceeding. *See Saffle*, 494 U.S. at 495, 110 S. Ct. at 1264 (citing *Teague*, 489 U.S. at 311, 109 S. Ct. at 1076). These are new procedural rules the violation of which would seriously diminish the likelihood of obtaining an accurate conviction. *Butler*, 494 U.S. at 416, 110 S. Ct. at 1218. The Supreme Court has identified a two-part test for such watershed rules: "First, the rule must be necessary to prevent an impermissibly large risk of an inaccurate conviction. . . . Second, the rule must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Whorton v. Bockting*, 549 U.S. 406, 418, 127 S. Ct. 1173, 1182, 167 L. Ed. 2d 1 (2007) (citations and quotations omitted). The Supreme Court has admitted that "the precise contours of this exception [are] difficult to discern," but has said that the rule of *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), that a defendant has the right to a lawyer in criminal trials for serious offenses, might be such a watershed rule. *Saffle*, 494 U.S. at 495, 110 S. Ct. at 1264. Even so, the Supreme Court has "rejected every claim that a new rule satisfied the requirements for watershed status." *Whorton*, 549 U.S. at 418, 127 S. Ct. at 1182.

*Applicability to 2018 Mangahas Case*

As noted above, *Mangahas* is a 2018 case that held that the crime of rape under military law was not exempt from a five-year statute of limitations because it was not "punishable by death," under the relevant statute of limitations, at the time of the charged offense. *See Mangahas*, 77 M.J. at 224-25. At the time of the offense in *Mangahas* and here a five-year statute of limitations applied

4

to all offenses, except that "[a] person charged . . . with any offense *punishable by death*, may be tried and punished at any time without limitation." Article 43, UCMJ, 10 U.S.C. § 843 (1994) (emphasis added). Another section of the code provided that rape "shall be punished by death or such other punishment as a court-martial may direct." *See Mangahas*, 77 M.J. at 223, quoting Article 120, UCMJ, 10 U.S.C. § 920 (Supp. II 1997). However, the Supreme Court had held decades before in *Coker v. Georgia* that the death penalty was unconstitutional for the crime of rape of an adult woman. Previous cases within the Court of Appeals for the Armed Forces had subsequently held that rape is nevertheless "punishable by death" for purposes of exempting it from the general five-year statute of limitations, despite the existence of *Coker*. *See Willenbring*, 48 M.J. at 180 ("We hold that rape is an 'offense punishable by death' for purposes of exempting it from the 5-year statute of limitations of Article 43(b)(1)."); *United States v. Stebbins*, 61 M.J. 366 (C.A.A.F. 2005) (relying on *Willenbring* for same proposition).

*New?*

Here, the threshold question is therefore whether *Mangahas* is a "new" rule. Even though the Supreme Court had previously held the death penalty unconstitutional for rape, and so it was not, in fact, "punishable by death" at the time of Hill's offense, the *Mangahas* rule is a "new" rule for two main reasons. First, *Mangahas* explicitly overruled that court's earlier holding from *Willenbring*, a post-*Coker* case, that rape was not subject to the five-year statute of limitations. *See Penry*, 492 U.S. at 314, 109 S. Ct. at 2944 (a decision that overrules an earlier holding breaks new ground and is thus new). Thus, in the Court of Appeals for the Armed Forces, *Mangahas* patently "breaks new ground" from previous C.A.A.F. jurisprudence. *Cf. United States v. Best*, No. 201600134, 2017 WL 2291588 at *4 (N.M. Ct. Crim. App. May 25, 2017) (following *Willenbring*'s "clear pronouncement of the law"); *United States v. Toussant*, No. 20080962, 2008 WL 8087964

5

at *3 (A. Ct. Crim. App. Dec. 30, 2008) ("the Court of Criminal Appeals for the Armed Forces has made clear that 'rape is an "offense punishable by death" for purposes of exempting it from the 5-year statute of limitations of Article 43(b)(1)'"). Second, the fact that some judges of the C.A.A.F. had previously concluded that rape was "punishable by death," for purposes of the statute of limitations, indicates that the outcome in *Mangahas* was "susceptible to debate among reasonable minds" even post-*Coker*. *Butler*, 494 U.S. at 415, 110 S. Ct. at 1217. The difference between the *Mangahas* opinion and the *Willenbring* opinion boils down to the question of whether the phrase "punishable by death" in Article 43(a) should be construed to mean punishable by death according to other provisions of the United States Code of Military Justice or punishable by death according to the ordinary meaning of the term. *Willenbring* adopted the former approach, citing congressional intent. *See* 48 M.J. at 179. *Mangahas* adopted the latter approach. *See* 77 M.J. at 224. The *Mangahas* approach to this question of statutory interpretation is not dictated by *Coker*: reasonable jurists could differ and have differed on this question of statutory interpretation.

*Exceptions to Bar Against Retroactivity*

*Mangahas* announces a new rule. It does not fall into any of the exceptions to the prohibition on retroactive application.

The *Mangahas* rule is not substantive. *Mangahas* did nothing to prohibit or change the government's ability to prosecute the proscribed conduct—rape—in Hill's case, nor did *Mangahas* prohibit a certain *category* of punishment for a class of defendants because of their status or offense. *Mangahas* also did not prohibit the death penalty for a certain class of defendants because of their status. Rather, it addressed the available statute of limitations in rape cases, based on the impact of a previous Supreme Court case on that statute. Unless Congress has clearly stated otherwise, a criminal statute of limitations is not jurisdictional, but sets forth a waivable affirmative defense.

6

*Musacchio v. United States*, 577 U.S. __, __, 136 S. Ct. 709, 716, 193 L. Ed. 2d 639 (2016); *see also United States v. Soriano-Hernandez*, 310 F.3d 1099, 1103-04 (8th Cir. 2002); *Desjardins v. Dep't of Navy*, 815 F. Supp. 96, 98-99 (E.D.N.Y. 1993) (interpreting Article 43 of the Uniform Code of Military Justice). A statute of limitation "provides a nonjurisdictional defense, not a jurisdictional limit." *Musacchio*, 577 U.S. at __, 136 S. Ct. at 718. Thus, a criminal statute of limitations does not affect the court's power to hear the case, and a successful limitations defense does not deprive the court of jurisdiction–although raising the defense may change what the government must ultimately prove. *See id.*; *United States v. Titterington*, 374 F.3d 453, 459 (6th Cir. 2004) (explaining that jurisdictional statute grants federal courts the power to hear certain cases, no matter how much time has elapsed or what the government proves). *Mangahas* therefore did not alter the "class of persons that the law punishes." *Schriro*, 542 U.S. at 353, 124 S. Ct. at 2523.

The rule here is not a watershed procedural rule that applies retroactively. *See Saffle*, 494 U.S. at 495, 108 S. Ct. at 1264. A five-year statute of limitations serves important purposes, but since only one other procedural rule is even possibly considered a watershed rule, it is unlikely a change in the statute of limitations is another one, akin to the right to a lawyer in serious criminal trials. *See, e.g.*, *Whorton*, 549 U.S. at 418, 127 S. Ct. at 1182 (listing many cases rejecting retroactivity for new procedural rules). Moreover, the change in this statute of limitations is not "necessary to prevent an impermissibly large risk of an inaccurate conviction," especially considering that some crimes are still exempt from the five-year statute of limitations, such as murder. *Id*. Finally, it does not "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Id*.

## CONCLUSION

With these additional comments, the recommendation of Judge Volpe is adopted. Steven E. Hill's habeas corpus petition is dismissed with prejudice.

IT IS SO ORDERED this 27th day of November, 2018.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE